# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5734 | **DATE** | 10/17/2001 |
| **CASE TITLE** | Williams vs. Valtierra | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, defendants Karen Kerbis and Jacob Rubinstein's motion for summary judgment is granted (42-1). Defendant Valtierra's motion for rule to show cause is denied (49-1); however, plaintiff and plaintiff's counsel are directed to pay the sanctions described in this Opinion on or before 10/31/01. The date for filing the final pretrial order, in conformity with N.D. Ill.LR 16.1 and Form 16.1.1, is extended to 11/13/01; that is a firm date. The parties are reminded that the pretrial conference in this matter is set for 11/27/01 at 4:00 p.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 2 2 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 59 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 01 OCT 19 AM 9:58 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



DOCKETED
OCT 22 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOROTHY JEAN WILLIAMS | ) | OCT 22 2001 |
| Plaintiff, | ) | |
| v. | ) | Case No. 00 C 5734 |
| JOHN VALTIERRA, KAREN KERBIS and JACOB RUBINSTEIN | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Dorothy Jean Williams has sued police officer John Valtierra and two Assistant State's Attorneys, Karen Kerbis and Jacob Rubinstein, alleging violations of 42 U.S.C. § 1983. Kerbis and Rubinstein have filed a motion for summary judgment, contending that Williams' claim against them is barred by the doctrine of issue preclusion. We also deal in this Opinion with Valtierra's motion for a rule to show cause concerning two witnesses identified by Williams.

### FACTUAL BACKGROUND

In September 1998, Williams (a/k/a Felicia Jones) was arrested by Valtierra and his partner in connection with an altercation at a restaurant on Chicago's south side. Williams argues that while she was in police custody, Valtierra assaulted her, choked her, threw her to the

1

ground, and kicked her in the stomach and the chest. Williams asked for medical attention and permission to use a restroom. Both requests were denied. Despite interrogation by detectives, Williams refused to speak.

Several hours later, ASAs Kerbis and Rubinstein appeared on the scene. According to Williams, Kerbis presented her with a pre-written statement in which she was to confess to assaulting Valtierra. Williams repeated her requests for medical attention and asked to use the restroom. Williams claims that Kerbis told her that she would not be provided medical assistance or be permitted to use the restroom until she signed the confession. Williams' complaint alleges that Rubinstein assisted Kerbis in coercing her confession, although Williams later testified in her deposition that Rubinstein "might have said one or two words to [her]. No more than that. We did not have a conversation." Williams Dep. at 396-97. Williams ultimately signed the confession and was transported to a hospital.

A jury subsequently convicted Williams for aggravated battery on a police officer in the case of *People v. Felicia Jones*, 98 CR 29391. Prior to her trial for aggravated battery, Williams filed a motion to suppress her confession on the basis that Kerbis and Rubinstein coerced her statement by threatening to withhold medical treatment. The Illinois state court conducted a four-day evidentiary hearing on the motion to suppress, during which Williams called witnesses and had the opportunity to cross-examine witnesses called by the State. The parties agree that the allegations of coercion argued in the suppression hearing are identical to the claims against the ASAs in this case. *See, e.g.*, Plaintiff's Response to Defendants' Statement of Material Facts, ¶¶ 8, 15. Sometime after the conclusion of the hearing, the court denied Williams' motion to suppress her confession.

After her conviction, Williams was sentenced to 30 months of probation and 30 days of community service. In September 2000, Williams filed a notice of appeal from her conviction, and the appeal currently is pending before the Illinois Appellate Court. Shortly thereafter, Williams filed this nine-count lawsuit alleging that her constitutional rights were violated.

## DISCUSSION

### 1. Kerbis and Rubinstein's motion for summary judgment

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, courts must construe all facts and draw all reasonable and justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

In the second amended complaint, Williams alleges that Kerbis and Rubinstein coerced her confession by withholding medical treatment. *See, e.g.*, Second Amended Complaint, Counts 5-7. Kerbis and Rubinstein argue that summary judgment is proper because Williams fully litigated and lost her claims of coercion in the state court suppression hearing and that the doctrine of issue preclusion (collateral estoppel) bars her from relitigating those claims here.

A state court determination can have preclusive effect in a later § 1983 action; a § 1983 plaintiff does not have an unrestricted opportunity to relitigate an issue already decided in state court. *See Allen v. McCurry*, 449 U.S. 90, 104 (1980). The preclusive effect of a state court

3

judgment is determined based on the law of the state in which the judgment was rendered. *Id.* at 96. Under Illinois law, the doctrine of issue preclusion prohibits relitigation of an issue in a later proceeding if: (1) the identical issue was actually litigated and decided on the merits; (2) its resolution was necessary to the decision at issue. *See, e.g., Talarico v. Dunlap,* 177 Ill. 2d 185, 685 N.E.2d 325, 328 (1997).

Both elements are satisfied here. The parties do not dispute that the identical coercion issue was litigated in the state court suppression hearing. Williams argues instead that resolution of the coercion issue was not necessary to her conviction. She claims that because her conviction was the result of the state court's decision to strike the testimony of one of her trial witnesses, the elements of issue preclusion are not satisfied. *See* Plaintiff's Response to Summary Judgment, p. 5. Williams' analysis is misplaced. Contrary to her assertions, the "decision at issue" is the denial of Williams' motion to suppress, not her ultimate conviction. Thus, the proper inquiry is whether a resolution of the coercion issue was necessary to the court's decision to deny her motion to suppress. It was.

Though the state court judge denied Williams' motion to suppress without a written or oral opinion articulating his reasons for the decision (or at least none has been provided to us by either party), the court could not have denied the motion without finding that the ASAs had not coerced Williams' confession. Stated another way, if the state court had concluded that the ASAs forced Williams' confession by denying her medial attention, it would have been compelled to grant her motion to suppress. Indeed, "[i]n order for a confession to be admissible in evidence, the trial court must determine that the defendant made it freely, voluntarily, and without compulsion or inducement." *People v. Woods,* 184 Ill.2d 130, 145, 703

4

N.E.2d 35, 42 (1998) (citations omitted). A confession that is involuntary, therefore, must be suppressed. *Id.* at 150, 703 N.E.2d at 44. The absence of coercion thus was necessary to the trial court's determination to allow Williams' confession into evidence, and Williams cannot avoid issue preclusion on this basis.

Williams also argues that an exception to the issue preclusion doctrine applies: it will not bar relitigation when the case involves "peculiar circumstances." In support of her argument, Williams cites *Johnson v. Cornelison*, No. 89 C 7450, 1993 WL 87735 (N.D. Ill. Mar. 23, 1993), which offers the "absence of appellate review" as an example of peculiar circumstances. Williams argues that "peculiar circumstances" exist here because the court "prejudice] the jury by striking a major defense witness." Plaintiff's Response to Summary Judgment, p. 6. However, Williams did not call Nieto at the suppression hearing; the testimony that the court struck was his *trial* testimony. That decision had no bearing on the court's denial of Williams' motion to suppress, and accordingly we see no basis for an exception to the application of issue preclusion.

In short, a review of the state court record makes clear that Williams fully litigated and lost the coercion issue at the suppression hearing. Moreover, a finding that Williams' confession was *not* coerced was imperative to the denial of the suppression motion, and issue preclusion prevents Williams from relitigating the same issue here. *Accord, Lucien v. Roegner*, 574 F. Supp. 118 (N.D. Ill. 1983) (applying issue preclusion to bar §1983 action based on state trial court's ruling on motion to suppress evidence). This is fatal to her claim against Kerbis and Rubinstein, and thus we need not address Rubinstein's separate argument that there is no evidence that he participated in the challenged conduct.

5

## 2. Valtierra's motion for rule to show cause

Valtierra has filed a motion for a rule to show cause why two of plaintiff's witnesses, Michael Nieto and Sharrhonda Taylor, should not be held in contempt, and he seeks to bar their testimony at trial, based on difficulties in obtaining their depositions. Valtierra's requests are denied at this time, and the parties are ordered to proceed as follows. First, the parties are directed to reschedule and complete Ms. Taylor's deposition as soon as possible, but no later than November 16, 2001. Because Ms. Taylor's scheduled deposition on August 20, 2001 did not proceed due to plaintiff's improper conduct, plaintiff is ordered to reimburse defense counsel within 14 days for the court reporter's attendance fee for that date. Based on the prior history of conflicts at depositions in this case, the Court will make its witness room reasonably available for taking Ms. Taylor's deposition if the parties wish to use it.

The Court recognizes that Valtierra has encountered obstacles in obtaining the deposition of Mr. Nieto (who is incarcerated), not the least of which is his apparently uncooperative attitude, particularly at the second attempted telephonic deposition. However, based on the materials that were submitted it is possible that Mr. Nieto's attitude at the second deposition resulted from the fact that the parties were attempting to conduct the deposition by telephone. Sometimes people are more cooperative if the person who is speaking with them is in the room. Defendant should reschedule Mr. Nieto's deposition to take place in person at the institution at which he is incarcerated. The deposition must take place on or before November 16, 2001 (if the parties need an order to take his deposition, they should submit one to chambers). If Mr. Nieto refuses to testify at that time, the Court will reconsider Valtierra's request to preclude his testimony.

Plaintiff's counsel is advised that he may not instruct Mr. Nieto (or, for that matter, any other deposition witness) not to respond to questions, except when necessary to preserve a privilege. *See* Fed. R. Civ. P. 30(d)(1). Plaintiff's counsel essentially did just that with regard to certain questions posed by defense counsel during the first attempt at a telephonic deposition. As a sanction for this improper conduct, plaintiff's counsel is ordered to reimburse defendants within 14 days for the court reporter's attendance fee for Nieto's June 21, 2001 deposition.

## CONCLUSION

For the reasons stated above, the motion for summary judgment filed by defendants Karen Kerbis and Jacob Rubinstein (docket item 42-1) is granted. Defendant Valtierra's motion for rule to show cause (docket item 49-1) is denied; however, plaintiff and plaintiff's counsel are directed to pay the sanctions described in this Opinion on or before October 31, 2001. The date for filing the final pretrial order, in conformity with N.D. Ill. LR 16.1 and Form 16.1.1, is extended to November 13, 2001; that is a firm date. The parties are reminded that the final pretrial conference in this matter is set for November 27, 2001 at 4:00 p.m.

Dated: October 17, 2001

MATTHEW F. KENNELLY
United States District Judge