Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5734 | **DATE** | 3/18/2002 |
| **CASE TITLE** | Dorothy Williams vs. John Valtierra | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　☐ FRCP4(m)　☐ General Rule 21　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. For the reasons stated, the Court taxes costs in favor of defendant in the amount of $7,882.86.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 1 9 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 84 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TP | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 1 9 2002

DOROTHY WILLIAMS, )
)
        Plaintiff, )
)
vs. ) Case No. 00 C 5734
)
JOHN VALTIERRA, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

A jury found in favor of defendant John Valtierra on plaintiff Dorothy Williams' claim for violation of her constitutional rights under 42 U.S.C. §1983. Valtierra has petitioned the Court for an award of costs pursuant to 28 U.S.C. §1920. Williams has failed to respond to Valtierra's bill of costs within the time set by the Court, so we address the matter without the benefit of her views.

*1. Witness fees.* The $387.00 requested for attendance and travel fees paid to several witnesses subpoenaed to appear for deposition or trial is reasonable and properly supported.

*2. Court reporter's fees.* Valtierra requests reimbursement for fees paid to court reporters for the preparation of transcripts of a number of depositions. It was reasonably necessary for Valtierra to obtain transcripts of each of these depositions, but that does not mean that all the costs he seeks are recoverable. First, a number of the court reporters charged per-page rates in excess of the $3.00 rate for regular copy established by the Judicial Conference. In these instances, we have reduced the recoverable amount to $3.00 per page (expedited delivery has not



been justified as to any of the transcripts). *See Cengr v. Fusibond Piping Systems, Inc.,* 135 F.3d 445, 455-56 (7th Cir.1998). We have not deducted, however, the attendance fees charged by the court reporters; these are properly recoverable under §1920. *See, e.g., AA Sales & Associates, Inc. v. JT & T Products Corp.,* No. 98 C 7954, 2001 WL 855867, at *2 (N.D. Ill. July 27, 2001); *Crosby v. Federal Signal Corp.,* No. 97 C 4967, 1998 WL 812552, at *4 (N.D. Ill. Nov. 19, 1998).

The Court has also reduced the amount requested insofar as it seeks reimbursement for "extras" such as reduced-type extra copies of depositions and ASCII disks provided in addition to the paper transcript. Under ordinary circumstances, §1920 does not permit reimbursement for the court reporter's fees for more than one copy of a deposition, and in any event, these items were obtained as matters of convenience, not necessity. *See, e.g., Coleman v. ANR - Advance Transportation Co.,* No. 98 C 7599, 2001 WL 477208, at *2 (N.D. Ill. May 4, 2001); *Jones v. Board of Trustees of Community College District No. 508,* 197 F.R.D. 363, 364 (N.D. Ill. 2000); *Fields v. General Motors Corp.,* 171 F.R.D. 234, 236-37 (N.D. Ill. 1997).

The Court also declines to award Valtierra the costs of video taping the two-session deposition of the plaintiffs. Such costs may be recovered in an appropriate case, *see, e.g,. Held v. Held,* 137 F.3d 998, 1002 (7th Cir. 1998); *Tilton v. Capital Cities/ABC, Inc.,* 115 F.3d 1471, 1477-78 (10th Cir. 1997), but Valtierra has not justified his request to recover the cost of both a videographer and a court reporter for the same deposition. Without such justification, and because (based on the Court's familiarity with the case) there was no reasonable need to video tape the deposition, the Court declines to award the expense of the videographer.

The result of these reductions is that the Court awards $2,845.00, rather than the

$4,501.70 requested by Valtierra.

*3. Fees for exemplification and copying.* Valtierra seeks to recover $0.20 per page, a reasonable rate, for the costs of making photocopies of correspondence sent to opposing counsel or third parties and documents filed with the Court. In many instances, however, Valtierra has sought reimbursement for an excessive number of copies of particular documents. Until October 22, 2001, there were two separately-represented parties or groups of parties other than Valtierra: plaintiff, and certain co-defendants who were jointly represented. For documents filed with the Court before that date, Valtierra may obtain reimbursement for four copies (the extra copy that the Court's Local Rules require for filing, a copy for plaintiff's counsel, a copy for co-defendants' counsel, and a copy for Valtierra's counsel's own files); after that date, he may obtain reimbursement for three copies. For correspondence to plaintiff's counsel predating October 22, 2001, Valtierra may obtain reimbursement for two copies (one for co-defendant's counsel, one for Valtierra's counsel's files); after that date he may obtain reimbursement for one copy.

As a result of these and other similar reductions, the Court awards $199.60 rather than the $304.60 that Valtierra requested.

*4. Other costs.* Valtierra has lumped together under "other costs" matters that fell within the categories listed above, such as the court reporter's fees for a portion of the transcript in this case, charges paid to Record Copy Services for subpoenaing and copying records, and the cost of obtain copies of photographs. The Court will nonetheless address them in the manner that Valtierra listed them.

*a. Record Copy Services.* A number of the invoices from Record Copy Services,

3

a firm which serves subpoenas for records and photocopies documents, reflect charges for "special services" such as long distance telephone calls, rush delivery, and the like. There are also charges in several instances in which, according to the invoices, no subpoenas were served and no records were copied (these appear to consist of follow-up contacts with entities from which records had already been obtained). The Court has reduced the amount requested to eliminate such charges, which are not properly recoverable.

   *b. Transcript of state criminal trial.* Valtierra requests reimbursement for the amounts paid to court reporters to obtain the transcripts of hearings and the trial in the state-court criminal prosecution of Williams, in which a number of issues pertinent to Williams' §1983 claim were raised. It was reasonably necessary for Valtierra to obtain these transcripts for the purpose of moving for summary judgment, preparing for and taking the depositions of witnesses, and preparing for trial. These amounts are therefore properly recoverable as costs. However, at least one of the Record Copy invoices appears to have be attributable to the making of an extra copy of all or part of the transcript. This extra copy was a matter of convenience, not necessity, and that particular expense is not properly recoverable.

   *c. Expense associated with psychiatric examination.* Valtierra is not entitled to recover the $2,215 that his counsel paid to a psychiatrist for a review of plaintiff's psychiatric records, a psychiatric examination of plaintiff, and preparation of an expert witness report. *See generally Neal v. Honeywell, Inc,.* 191 F.3d 827, 934 (7th Cir. 1999) (expert witness fees not recoverable under §1920); *Uphoff v. Elegant Bath, Inc.,* 176 F.3d 399, 411 (7th Cir. 1999) (fees of non-testifying expert consultant not recoverable under §1920 unless expert was court-appointed). Counsel ought not to have included this in the bill of costs, as there was no

4

reasonable basis to seek reimbursement.

   *d. "Daily" copy of portion of trial transcript.* Finally, the Court declines to award the $2,025 that Valtierra paid to obtain "daily" copy of a portion of the trial transcript during the trial of the present case. This was unquestionably a matter of convenience, not necessity. There was nothing particularly complicated about the case or Williams' testimony, Valtierra already had extensive transcripts of her testimony at the criminal trial and in deposition, and the trial in this case was relatively short. Counsel did not require the transcript in order to conduct the trial, and Williams filed no post-trial motions that might have necessitated review of the transcript. *Compare Majeske v. City of Chicago,* 218 F.3d 816, 825 (7th Cir. 2000) (cost of trial transcript recoverable where it was shown to be needed for, among other things, cross-examination and preparation of post-trial briefs).

The result of these reductions is that the Court awards $4,451.26 for "other costs," as opposed to the $9,997.00 requested by Valtierra.

## Conclusion

For the reasons stated above, the Court taxes costs in favor of defendant in the amount of $7,882.86.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 18, 2002

5